912 A.2d 640

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Melinda Porcher HODGSON.

Misc. Docket AG No. 55, Sept. Term, 2005.

Court of Appeals of Maryland.

Dec. 8, 2006.

Marianne J. Lee, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n), for petitioner.

No argument on behalf of respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, and GREENE JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting pursuant to Maryland Rule 16–751,[1] filed a *Petition For Disciplinary Or Remedial Action*

---

1. Maryland Rule 16–751, as relevant, provides:

**2**

against Melinda Porcher Hodgson, the respondent. The petition charged, consistent with allegations made against the respondent by two complainants, that the respondent violated Rules 1.3, Diligence,[2] 1.4, Communication,[3] 8.1, Bar admission and disciplinary matters,[4] and 8.4, Misconduct,[5] of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812.

We referred the case, pursuant to Rule 16–752(a),[6] to the Honorable Sherrie L. Krauser of the Circuit Court for Prince

"(a) Commencement of disciplinary or remedial action.
(1) *Upon approval of the Commission.* Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Rule 1.3 requires "[a] lawyer [to] act with reasonable diligence and promptness in representing a client."

3. Rule 1.4 provides, as relevant:
   "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

4. Rule 8.1 provides, as relevant:
   "An applicant for admission or reinstatement to the bar or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   *   *   *   *
   "(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

5. Rule 8.4, as relevant, provides:
   "It is professional misconduct for a lawyer to:
   *   *   *   *
   "(d) engage in conduct that is prejudicial to the administration of justice."
   *   *   *   *

6. Maryland Rule 16–752(a) provides:
   "(a) *Order.* Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter

George's County, for hearing and to make recommended findings of fact and conclusions of law. The respondent was served as permitted by Maryland Rule 16–753,[7] through the Client Protection Fund. When the respondent did not answer the petition, an order of default was entered against her. Following a hearing, at which, despite being notified as to the date and time, the respondent did not appear, the hearing court, pursuant to Rule 16–757(c),[8] found facts by the clear and convincing standard, as follows:

"Melinda Porcher Hodgson (hereinafter 'the Respondent') was originally admitted to the Bar of the Court of Appeals of Maryland on December 11, 2001. The Respondent maintained a law office in Baltimore, Maryland. The Respondent was decertified on April 7, 2005 for nonpayment of her assessment to the Client Protection Fund, of the Bar of Maryland, and to date, has not been reinstated.

"In October 2002, the Respondent was retained by Sadie Gardner–Young to file a complaint of divorce and represent her in that matter. On October 15, 2002, the Respondent and

---

a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

**7.** As relevant, Maryland Rule 16–753 provides:

"If after reasonable efforts the attorney cannot be served personally, service may be made upon the employee designated by the Client Protection Fund of the Bar of Maryland pursuant to Rule 16–811 c 1(x), who shall be deemed the attorney's agent for receipt of service. The Fund's employee shall send, by both certified mail and ordinary mail, a copy of the papers so served to the attorney at the address maintained in the Fund's records and to any other address provided by Bar Counsel."

**8.** Maryland Rule 16–757(c) provides:

"(c) *Findings and conclusions.* The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

Ms. Gardner–Young executed a written retainer agreement. The retainer agreement referred to Respondent as 'Of Counsel' of the 'Law Office of Sutton and Ward, LLC', with attorneys David D. Sutton and Kenneth S. Ward. Although the retainer agreement provided for a retainer of $3,000, the Respondent agreed to reduce her fee and offered her representation for a flat fee of $2,500 if Ms. Gardner–Young would sign the agreement that day. On or about October 15, 2002, Ms. Gardner–Young gave the Respondent a check in the amount of $500, and subsequently made additional payments totaling $2,500, plus an additional $170 for the filing fee of the divorce complaint.

"On March 15, 2004, the Respondent filed a complaint for absolute divorce on behalf of Ms. Gardner–Young. The Respondent, however, failed to file a financial affidavit, and therefore, the complaint was dismissed on June 14, 2004. At the time the complaint was dismissed, the Respondent did not advise Ms. Gardner–Young that she failed to file a financial affidavit and that her case was dismissed as a result of her failure to do so.

"Since the time she retained Respondent in 2002, Ms. Gardner–Young had difficulty getting in contact with Respondent to inquire of the status of her case. The Respondent did not send Ms. Gardner–Young any written communication, aside from the retainer agreement, and oftentimes did not return Ms. Gardner–Young's telephone calls and/or was not in her office. When Ms. Gardner–Young did not receive any communication from Respondent for many months after the filing of her complaint, she called the Respondent to inquire about the status of her case. The Respondent finally told Ms. Gardner–Young that her case had been dismissed, but only after Ms. Gardner–Young called her several times and the Respondent finally answered the telephone at her office.

"After Ms. Gardner–Young learned of the dismissal of her case, she terminated Respondent's representation and obtained new counsel, Arthur G. Wilson, Esquire. When Mr. Wilson, on behalf of Ms. Gardner–Young, requested the Re-

spondent to refund any unused portion of her retainer, the Respondent submitted her bill totaling $2,900, which included alleged charges of $100 for 'Document Review' of 'Motion to Dismiss', $400 for 'Research', and $600 for 'Preparation and delivery of financial statement'. The Respondent, however, had not sent Ms. Gardner–Young any written correspondence, including billing statements, during the course of her representation. Moreover, the Respondent had not filed any motion, financial affidavit or other papers in court on behalf of Ms. Gardner–Young.

"In January 2005, Ms. Gardner–Young filed a written complaint against the Respondent with the Attorney Grievance Commission of Maryland. The office of Bar Counsel sent the Respondent several written requests for information in the course of investigating Ms. Gardner–Young's complaint. The Respondent did not respond to the letters from the office of Bar Counsel.

"In December 2004, another complaint against the Respondent was received by the Attorney Grievance Commission from another former client of the Respondent, Raymond Perales. Mr. Perales complained that Respondent failed to communicate with him after retaining her to represent him in his domestic matter. In his complaint, Mr. Perales stated that when he called the Respondent's law office on December 3, 2004 to confirm receipt of his letter, which he sent via facsimile to Respondent's law office terminating her representation and requesting a partial refund, he was advised that the Respondent no longer worked there.

"In the course of investigating Mr. Perales' complaint, the office of Bar Counsel sent the Respondent several written requests for information, including letters dated March 1, 2005, March 15, 2005 and March 30, 2005. The Respondent did not respond to the letters.

"The Respondent has been decertified since April of 2005 for failure to pay her assessment by the Client Protection Fund, and thus is currently unauthorized to practice law in Maryland."

On the basis of the foregoing findings of fact, the hearing court concluded that the respondent engaged in the professional misconduct, as charged by the petitioner and that each of the charged Rule violations was established by his acts and omissions. Specifically, the court opined:

"This court concludes that the Respondent, after being engaged to provide legal services to Sadie Gardner–Young, failed to act with reasonable diligence and promptness in carrying out that representation, thereby violating Maryland Rule of Professional Conduct (MPRC) 1.3. After filing the divorce complaint on March 15, 2004, the Respondent failed to keep Ms. Gardner–Young reasonably informed about the status of the representation and did not respond to reasonable requests for information, thereby violating MRPC 1.4(a). The Respondent also violated MRPC 1.4(b)˙ by not explaining to her client the dismissal of her complaint to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. The Respondent has clearly abandoned her law practice and her clients, as in the case of Mr. Perales, as she has been, and still currently is, decertified for her failure to pay her assessment to the Client Protection Fund and has not attempted to get reinstated.

"The Respondent further violated MRPC 8.1(b) when she knowingly failed to respond to lawful demands for information from the office of Bar Counsel.

"Taken in its totality, the Respondent's conduct was prejudicial to the administration of justice and therefore violated MRPC 8.4(d)."

Neither the petitioner nor the respondent has taken exceptions to the hearing court's findings of fact or conclusions of law. Indeed, the respondent, although notified of the proceedings in this Court, did not file any pleadings or appear at oral argument. Consequently, for purposes of sanction, we treat the findings of fact as established. Rule 16–759(b)(2)(A).[9] *See*

---

9. Maryland Rule 16–759(b)(2)(A) provides:

*Attorney Grievance Comm'n v. Logan,* 390 Md. 313, 319, 888 A.2d 359, 363 (2005). Moreover, upon our *de novo* review of the hearing court's conclusions of law, Rule 16–759(b)(1),[10] we are satisfied that they follow from, and are supported by, the court's factual findings, which, again, have been established.

That leaves for resolution the appropriate sanction. The petitioner recommends disbarment, submitting that, under the circumstances, it is the only viable sanction. In its *Petitioner's Recommendation For Sanction,* the petitioner revisits the rules the respondent was found to have violated, emphasizing the respondent's failure to represent her client with reasonable diligence and promptness, to keep her reasonably informed and advised, as well as her failure to respond to her client's requests for information concerning her case. The petitioner concludes, *citing Logan,* 390 Md. at 320, 888 A.2d at 363–364 and *Attorney Griev. Com'n v. Velasquez,* 380 Md. 651, 661, 846 A.2d 422, 428 (2004):

> "For reasons unknown, the Respondent has chosen to ignore this Court's disciplinary authority over him, initially by not answering Bar Counsel's attempts to obtain a response to the Gardner–Young complaint and Perales complaint, and thereafter by failing to file an answer in this proceeding. It appears that the Respondent has abandoned her law practice and her clients, as in the case of Mr. Perales, as she has been decertified for her failure to pay her assessment to the Client Protection Fund and has not attempted to get reinstated. The Respondent has not otherwise attempted to present any explanatory information in response to the charges. Having offered no justification for a less severe sanction, the Respondent should be disbarred."

"(A) If No Exceptions Are Filed. If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any."

**10.** Maryland Rule 16–759(b)(1) provides:
"(1) *Conclusions of Law.* The Court of Appeals shall review de novo the circuit court judge's conclusions of law."

We agree. Here, the fact of the misconduct meriting the ultimate sanction has been established and there has been no showing, or even an attempt at showing, that the misconduct is mitigated. The respondent is ordered disbarred.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MELINDA PORCHER HODGSON.