<u>Attorney Grievance Commission of Maryland v. Melissa Donnelle Gray</u>, Misc. Docket AG No. 52, September Term, 2012

**ATTORNEY DISCIPLINE – SANCTIONS – INDEFINITE SUSPENSION –** Court of Appeals indefinitely suspended from the practice of law in Maryland lawyer who had been reprimanded and suspended for sixty days, and who failed to: (1) respond to discovery requests or timely propound discovery requests on behalf of client; (2) timely submit proposed judgment in compliance with court order; and (3) respond to Bar Counsel's inquiries concerning representation of client. Such conduct violated Maryland Lawyers' Rules of Professional Conduct 1.1 (Competence), 1.3 (Diligence), 3.2 (Expediting Litigation), and 8.1(b) (Failing to Respond to Lawful Demand for Information from Disciplinary Authority).

Circuit Court for Baltimore County
Case No. C-12-11190

Argued: January 14, 2014

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 52

September Term, 2012
_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

MELISSA DONNELLE GRAY
_____

Barbera, C.J.
Harrell
Greene
Adkins
McDonald
Watts
Cathell, Dale R. (Retired,
Specially Assigned),

JJ.
_____

Opinion by Watts, J.
_____

Filed:  January 24, 2014

This attorney discipline proceeding concerns a Maryland lawyer who failed to: (1) respond to discovery requests or timely propound discovery requests on behalf of her client; (2) timely submit a proposed judgment in compliance with a court order; and (3) respond to Bar Counsel's inquiries concerning her representation of a client.

Melissa Donnelle Gray ("Gray"), Respondent, a member of the Bar of Maryland, was retained by Carmen Bustamante ("Ms. Bustamante") in connection with a divorce case. Ms. Bustamante filed a complaint against Gray with the Attorney Grievance Commission of Maryland ("the Commission"), Petitioner.

On October 23, 2012, in this Court, Bar Counsel filed a "Petition for Disciplinary or Remedial Action" against Gray, charging her with violating Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.1 (Competence), 1.3 (Diligence), 3.2 (Expediting Litigation), and 8.1(b) (Failing to Respond to Lawful Demand for Information from Disciplinary Authority). On October 24, 2012, we referred this attorney discipline proceeding to the Honorable Susan Souder ("the hearing judge") of the Circuit Court for Baltimore County ("the circuit court"). On May 6, 2013, the hearing judge conducted a hearing. On June 20, 2013, the hearing judge filed in this Court findings of fact and conclusions of law, concluding that Gray violated MLRPC 1.1, 1.3, 3.2, and 8.1(b).[1]

_____

[1]The hearing judge's findings of fact and conclusions of law were dictated into the record at the hearing and submitted to this Court in the form of a three-page excerpt from the transcript of that hearing. We note that the findings of fact and conclusions of law submitted in this case are difficult to follow as the information is not presented in any recognizable, organized or chronological manner. Although Maryland Rule 16-757(c) permits a hearing judge to dictate into the record the judge's findings of fact and conclusions of law, we recommend that, when utilizing dictation, a hearing judge employ (Continued...)

On January 14, 2014, we heard oral argument.[2]  For the below reasons, we indefinitely suspend Gray from the practice of law in Maryland.

## I.  Hearing Judge's Findings of Fact

In her opinion, the hearing judge found the following facts, which we summarize.[3]

On June 14, 1998, this Court admitted Gray to the Bar of Maryland.  At the time of her alleged misconduct, Gray maintained an office for the practice of law in Towson, Maryland.

In November 2010, Ms. Bustamante retained Gray to represent her in connection with her divorce.  On January 20, 2011, on behalf of Ms. Bustamante, Gray filed in the circuit court a Complaint for Limited Divorce against Mr. Bustamante.

In a scheduling order issued in the divorce case, the circuit court ordered that discovery be completed by July 25, 2011.  In March 2011, Mr. Bustamante's counsel sent Interrogatories and a Request for Production of Documents to Gray.  Gray failed to respond to the Interrogatories or Request for Production of Documents.  On June 30, 2011, Mr. Bustamante's counsel filed a Motion to Compel Discovery.  Gray failed to respond to the motion or to otherwise prepare written responses to the Interrogatories and

the same care and precision as in preparing and filing a written statement of findings of fact and conclusions of law.

[2]Gray did not appear at oral argument.  Bar Counsel submitted on the "Petitioner's Exceptions and Recommendation for Sanction" and its recommendation for an indefinite suspension.

[3]We have supplemented the hearing judge's findings of fact with undisputed information contained in the "Petition for Disciplinary or Remedial Action" and evidence adduced at the hearing of May 6, 2013, including the date of Gray's admission to the Bar, the location of her practice, the date on which Ms. Bustamante retained Gray, and the date on which Gray filed the Complaint for Limited Divorce.

Request for Production of Documents. On December 9, 2011, over four months after the deadline for completion of discovery, Gray sent discovery requests to Mr. Bustamante's counsel. And, despite Ms. Bustamante's claims that Mr. Bustamante had been misusing and concealing assets, Gray failed to obtain Mr. Bustamante's testimony under oath in response to interrogatories before the scheduled trial date.

On February 6, 2012, the parties reached a settlement, which was placed on the record in the circuit court, and the circuit court ordered the parties to submit a proposed Judgment of Absolute Divorce within ten days. Gray agreed to prepare the proposed judgment. Although Gray testified before the hearing judge in the present case that she sent a proposed judgment to Mr. Bustamante's counsel via e-mail, Gray failed to corroborate that claim by producing a copy of that e-mail or other documentation indicating that she complied with the circuit court's order that a proposed judgment be submitted within ten days. In a letter dated February 22, 2012, the law clerk for the circuit court judge assigned to the divorce action reminded Gray that the proposed judgment was due. On April 11, 2012, no response having been received, the circuit court ordered counsel for both parties to appear in chambers on April 30, 2012, with a proposed judgment. On May 4, 2012, a Judgment of Absolute Divorce was entered.

In a letter dated April 4, 2012, the Commission notified Gray of Ms. Bustamante's complaint and requested a written response to the allegations in the complaint within ten days. In a letter dated April 30, 2012, the Commission again notified Gray of the complaint. Gray failed to respond to either letter.

## II.  Standard of Review

Neither party excepts to any of the hearing judge's findings of fact; thus, we "treat the findings of fact as established[.]"  Md. R. 16-759(b)(2)(A).  We review without deference the hearing judge's conclusions of law.  See Md. R. 16-759(b)(1) ("The Court of Appeals shall review de novo the circuit court judge's conclusions of law.").

## III.  Discussion

### A.  Violations of MLRPC

Neither party excepts to any of the hearing judge's conclusions of law.  For the below reasons, we uphold all of the hearing judge's conclusions of law.

### MLRPC 1.1 (Competence) and MLRPC 1.3 (Diligence)

"A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."  MLRPC 1.1.  "Compliance with [MLRPC 1.1] requires more than knowing what to do.  It requires applying the knowledge to the client's problem. . . . 'Evidence of a failure to apply the requisite thoroughness and/or preparation in representing a client is sufficient alone to support a violation of [MLRPC] 1.1.'"  Attorney Grievance Comm'n v. McCulloch, 404 Md. 388, 397-98, 946 A.2d 1009, 1015 (2008) (quoting Attorney Grievance Comm'n v. Guida, 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006)).  "MLRPC 1.1 is violated when an attorney fails to act or acts in an untimely manner, resulting in harm to his or her client."  Attorney Grievance Comm'n v. Garrett, 427 Md. 209, 222, 46 A.3d 1169, 1177 (2012) (citations and internal quotation marks omitted).

- 4 -

"A lawyer shall act with reasonable diligence and promptness in representing a client." MLRPC 1.3. "An attorney violates [MLRPC 1.3] when he/she takes no action whatsoever in representing his/her client." Attorney Grievance Comm'n v. Shakir, 427 Md. 197, 205, 46 A.3d 1162, 1167 (2012) (citation omitted). For example, where an attorney "fail[s] to pursue [a] claim after filing [a] complaint," the attorney "demonstrat[es] incompetence and insufficient diligence in the matter, in violation of M[L]RPC 1.1 and 1.3 respectively." Attorney Grievance Comm'n v. Patterson, 421 Md. 708, 737, 28 A.3d 1196, 1213 (2011).

Here, clear and convincing evidence supports the hearing judge's conclusion that Gray violated MLRPC 1.1 and 1.3. After filing the complaint for limited divorce on behalf of Ms. Bustamante, Gray not only failed to take appropriate and timely action to pursue her client's claim, but she also failed to act diligently in representing Ms. Bustamante. Despite Ms. Bustamante's allegations that Mr. Bustamante was misusing and concealing assets, Gray failed to inquire into or to obtain Mr. Bustamante's testimony under oath on the matter, either in a deposition or in response to properly propounded interrogatories. Indeed, Gray failed to timely propound any discovery requests at all on behalf of Ms. Bustamante, sending her first set of discovery requests to Mr. Bustamante's counsel over four months after the deadline for completion of discovery had passed. Moreover, Gray failed to respond to discovery requests propounded by Mr. Bustamante's counsel, including Interrogatories and a Request for Production, and failed to respond when Mr. Bustamante's counsel filed a Motion to

Compel responses to the discovery requests. In short, Gray failed to respond whatsoever to any discovery request served by Mr. Bustamante's counsel.

### MLRPC 3.2 (Expediting Litigation)

"A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." MLRPC 3.2. "An attorney violates [MLRPC 3.2] by delaying to take fundamental litigation steps in pursuit of the client's interest." Garrett, 427 Md. at 226, 46 A.3d at 1179 (citations omitted). For example, "an attorney who fails to comply with discovery requests, and attempts to mitigate his or her shortcomings with 'cryptic excuses,' violates MLRPC 3.2." Attorney Grievance Comm'n v. Brown, 426 Md. 298, 322-23, 44 A.3d 344, 359 (2012) (citation omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Gray violated MLRPC 3.2. As discussed above, Gray utterly failed to comply with discovery requests and to respond to a motion to compel responses to the discovery requests. Gray also delayed in taking necessary and required steps on behalf of Ms. Bustamante, vividly demonstrated by her failure to timely submit a proposed Judgment of Absolute Divorce. Although Gray agreed to prepare the proposed judgment by February 16, 2012, as ordered by the circuit court, and even though the circuit court judge's law clerk had sent Gray a reminder letter dated February 22, 2012, as of April 11, 2012, the circuit court had not received the proposed judgment, and was required to order counsel for both parties to appear in chambers. As a result of Gray's failure to timely prepare the proposed judgment as ordered, a Judgment of Absolute Divorce was not entered in the

divorce case until May 4, 2012, almost three months after the parties had agreed upon a settlement.

### MLRPC 8.1(b) (Failing to Respond to Lawful Demand for Information from Disciplinary Authority)

"[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority[.]" MLRPC 8.1(b). Pursuant to MLRPC 8.1(b), "an attorney must answer timely requests from the [] Commission regarding a complaint in a potential disciplinary matter." Brown, 426 Md. at 323, 44 A.3d at 359 (citation omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Gray violated MLRPC 8.1(b). It is undisputed that Gray failed to respond to two letters from the Commission, dated April 4, 2012, and April 30, 2012, regarding Ms. Bustamante's complaint.

## B. Sanction

Bar Counsel recommends that this Court indefinitely suspend Gray from the practice of law in Maryland. Gray has not filed a recommendation for sanction.

In Attorney Grievance Comm'n v. Dore, 433 Md. 685, 717, 73 A.3d 161, 180 (2013), we stated:

> When we impose sanctions, our goal is not to punish the [lawyer], but rather to protect the public and the public's confidence in the legal profession [and] to deter other lawyers from violating the [MLRPC]. To achieve this goal, the sanction should be commensurate with the nature and the gravity of the misconduct and the intent with which it was committed. In determining an appropriate sanction, we often refer to the American Bar Association's *Standards for Imposing Lawyer Sanctions*, which focus on the nature of the ethical duty violated, the lawyer's mental state, the extent

of the actual or potential injury caused by the lawyer's misconduct, and any aggravating or mitigating [factor]s.

(Second alteration in original) (citations and internal quotation marks omitted).

Here, as to the nature of the ethical duty violated, Gray violated MLRPC 1.1, 1.3, and 3.2 by failing to competently and diligently represent Ms. Bustamante, and by failing to take timely and appropriate actions to expedite litigation. Gray also violated MLRPC 8.1(b) by ignoring requests from the Commission to furnish information relevant to Ms. Bustamante's complaint and, indeed, by failing to respond at all. As to Gray's state of mind, Gray knowingly disregarded requests from the Commission, and either knowingly or negligently mishandled Ms. Bustamante's case by failing to respond to or propound discovery requests and by failing to submit a proposed judgment within the timeframe ordered by the circuit court. As to the actual or potential injury that Gray's misconduct caused, Gray's misconduct negatively impacted the efficient operation of the courts by delaying resolution of the divorce case and causing Mr. Bustamante's counsel to file a motion to compel discovery responses, and her misconduct also negatively impacted both Ms. Bustamante's and the public's perception of the legal profession. Gray's refusal to comply with the requests of the Commission evidenced a disregard of the MLRPC and the attorney discipline process.

In Attorney Grievance Comm'n v. Davy, 435 Md. 674, __, 80 A.3d 322, 342-43 (2013), we stated:

> Aggravating factors include: (a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the [attorney] disciplinary proceeding[] by intentionally failing to comply with rules or orders of the

[Commission]; (f) submission of false evidence, false statements, or other deceptive practices during the [attorney] disciplinary proce[eding]; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of the victim; (i) substantial experience in the practice of law; [and] (j) indifference to making restitution.

(Some alterations in original) (citation and paragraph breaks omitted).

Here, we note at least three aggravating factors. First, Gray has two prior disciplinary offenses. In <u>Attorney Grievance Comm'n v. Gray</u> ("<u>Gray I</u>"), 421 Md. 92, 25 A.3d 219 (2011), this Court reprimanded Gray for violating MLRPC 1.3, 1.4, and 8.1(b). And, in <u>Attorney Grievance Comm'n v. Gray</u> ("<u>Gray II</u>"), 433 Md. 516, 521-23, 524-25, 533, 72 A.3d 174, 177-78, 179-80, 184 (2013), this Court suspended Gray from the practice of law for sixty days for violating MLRPC 1.3, 1.4, 1.15, and 8.1(b).[4] Second, Gray has engaged in a pattern of misconduct, violating MLRPC 1.3 and 8.1(b) on two prior occasions in addition to the instant case. Third, Gray has obviously committed multiple offenses. As discussed above, in her representation of Ms. Bustamante, Gray violated MLRPC 1.1, 1.3, 3.2, and 8.1(b).

The following constitute mitigating factors:

(a) absence of a prior disciplinary record; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith efforts to make restitution or to rectify consequences of misconduct; (e) full and free disclosure to [the Commission] or cooperative attitude toward [the attorney discipline] proceeding[]; (f) inexperience in the practice of law; (g) character or reputation; (h) physical disability; (i) mental disability or

---

[4]In <u>Gray II</u>, 433 Md. at 533, 72 A.3d at 184, we held: "In light of the violations committed by [Gray], especially in respect to her failure to cooperate with Bar Counsel and her prior disciplinary matters and in light of our prior cases aforesaid, in which we have sanctioned attorneys for somewhat similar violations (as to severity of conduct), we hold that the proper sanction in the present case is a 60 day suspension."

chemical dependency including alcoholism or drug abuse when: (1) there is medical evidence that the [lawyer] is affected by a chemical dependency or mental disability; (2) the chemical dependency or mental disability caused the misconduct; (3) the [lawyer]'s recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely; (j) delay in [the attorney] disciplinary proceeding[]; (k) imposition of other penalties or sanctions; (l) remorse; [and] (m) remoteness of prior offenses.

Davy, 435 Md. at __, 80 A.3d at 344 (some alterations in original) (citation and paragraph breaks omitted).

Here, Gray did not testify at the hearing as to any mitigating factors, nor did the hearing judge find any mitigating factors.

In Attorney Grievance Comm'n v. Fezell, 361 Md. 234, 254-56, 760 A.2d 1108, 1119-20 (2000), where an attorney violated MLRPC 1.3, 1.4, 3.2, and 8.1(b), and where his "repeated refusal to comply with the requests of Bar Counsel demonstrated a complete 'disregard of the spirit and intent of the [MLRPC,]'" we suspended the attorney for sixty days. We stated that the attorney's "violations of the [MLRPC] regarding diligence, communication, expediting litigation, and responding to lawful demands of Bar Counsel [were] serious." Id. at 256, 760 A.2d at 1120. We imposed the sixty-day suspension rather than a greater sanction, however, because the attorney had been a member of the Bar of Maryland for over twenty years and had no prior disciplinary offenses. Id. at 254, 760 A.2d at 1119.

In Attorney Grievance Comm'n v. Nichols, 405 Md. 207, 212, 216, 218, 950 A.2d 778, 782, 784, 785 (2008), where an attorney violated MLRPC 1.1, 1.3, 1.5(a), 1.15(a), 1.15(d) and (e), 1.16(d), and 8.1(b) in his representation of a client in a bankruptcy

matter, we indefinitely suspended the attorney. In so ordering, we stated: "[The attorney]'s misconduct was due neither to dishonesty nor to criminal conduct, but rather due to lack of diligence as well as incompetence in bankruptcy matters. Indeed, this is [the attorney]'s first disciplinary proceeding in over thirteen years of practicing law." Id. at 218, 950 A.2d at 785.

In this case, in light of existing caselaw and taking into account the aggravating factors present, including Gray's prior disciplinary offenses and violations of multiple MLRPC, and the sanctions ordered by this Court in those prior disciplinary offenses (*i.e.*, a reprimand and sixty-day suspension)[5]–which, we note, arose out of violations of two of the same MLRPC violated here, MLRPC 1.3 and 8.1(b)–we conclude that the appropriate sanction for Gray's violations of the MLRPC is an indefinite suspension from the practice of law in Maryland. The suspension shall begin thirty days after the date on which this Opinion is filed.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761(B), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MELISSA DONNELLE GRAY.**

---

[5]As stated above, in Gray I, 421 Md. 92, 25 A.3d 219, this Court reprimanded Gray for violating MLRPC 1.3, 1.4, and 8.1(b). And, in Gray II, 433 Md. at 521-23, 524-25, 533, 72 A.3d at 177-78, 179-80, 184, this Court suspended Gray from the practice of law for sixty days for violating MLRPC 1.3, 1.4, 1.15, and 8.1(b).