Dissenting Opinion by
WATTS, J.
Respectfully, I dissent. I would conclude that, under the circumstances of the case, Lance Butler, III (“Butler”), Respondent, did not violate the Maryland Lawyers’ Rules of Professional Conduct (“MLRPC”) and, accordingly, I would dismiss this attorney discipline proceeding.
Here, the hearing judge found that Robert Versis (“Versis”), an investigator for the Attorney Grievance Commission (“the Commission”), Petitioner, testified that, during a telephone conversation with Butler in October 2012, Butler advised Versis that he had received all of the letters from the Commission, beginning with the March 2012 letter. By contrast, Butler testified that he did not made any such statement to Versis, but Butler acknowledged receiving letters from the Commission dated December 5, 2012, and December 26, 2012. Other than noting the testimony of Versis and that of Butler, the hearing judge did not resolve the factual discrepancy between the two differing versions of events. In other words, the hearing judge did not find that Butler had received all of the letters from the Commission, beginning with the March 2012 letter. Indeed, in concluding that Butler violated MLRPC 8.1(b) (Failing to Respond to Lawful Demand for Information from Disciplinary Authority),[1] in actuality, the *364 hearing judge determined the following: “[Butlerj’s repeated failure to respond to Bar Counsel’s letters violated [MLRPC] 8.1(b). Assuming arguendo, that [Butler] was initially informed on December 5, 2012 of his need to respond to Bar Counsel, he failed to provide a written response until February 12, 2013.” This is a period of only two months. At oral argument, when asked whether an attorney discipline proceeding would be initiated against a lawyer who did not respond to a letter for two months, Bar Counsel specifically stated that the Commission would not do so. And, yet, the Majority reprimands Butler for admitting that he responded two months later to two letters that had been sent in December 2012, see Maj. Op. at 362-63, 107 A.3d at 1226-27—a circumstance for which the Commission would not have even initiated an attorney discipline proceeding.
At base, the hearing judge found that Versis and Butler testified differently about the letters, nothing more and nothing less. Significantly, the hearing judge did not find that Butler failed to respond to the Commission for almost a year, or that Butler failed to respond to any letters that the Commission sent before the December 5, 2012, letter. And, as the Majority acknowledges, in his answer to the Petition for Disciplinary or Remedial Action, Butler admitted only that he received two “notices” from Bar Counsel in December 2012 and that he did not immediately contact Bar Counsel. See Maj. Op. at 359-60, 107 A.3d at 1224-25. Moreover, the hearing judge found that, only two weeks after a meeting between Versis and Butler’s supervisor on January 28, 2013, on February 12, 2013, Butler responded substantively in writing to the complaint that had been filed against him and, afterward, Butler “stayed in touch [with Bar Counsel] at least every week or every other week[.]”
Under these circumstances, and given the lack of a finding of fact by the hearing judge that Butler knowingly failed to respond to any letters from the Commission before the De *365 cember 2012 letters, I would conclude that Butler’s response on February 12, 2013—two months after receiving the December 5, 2012, letter, six weeks after receiving the December 26, 2012, letter, and only two weeks after Versis contacted Butler’s supervisor—was not so untimely as to constitute a violation of MLRPC 8.1(b). See Attorney Grievance Comm’n v. Gray, 436 Md. 513, 521, 83 A.3d 786, 791 (2014) (“Pursuant to MLRPC 8.1(b), an attorney must answer timely requests from the [ ] Commission regarding a complaint in a potential disciplinary matter.” (Citation and internal quotation marks omitted) (brackets in original)). Thus, I would conclude that Butler did not violate MLRPC 8.1(b), and I would dismiss the attorney discipline proceeding.
For the above reasons, respectfully, I dissent.

. MLRPC 8.1(b) provides, in relevant part: "[A] lawyer ... in connection with a disciplinaiy matter, shall not ... knowingly fail to respond *364 to a lawful demand for information from ... [a] disciplinary authorityLl”