*Attorney Grievance Commission v. Mark Kotlarsky*, Misc. Docket No. 30, September Term 2016. Opinion by Hotten, J.

**ATTORNEY DISCIPLINE — SANCTIONS — DISBARMENT**

Court of Appeals disbarred from practice of law in Maryland lawyer who intentionally failed to disclose assets of his law firm's pension plan in his bankruptcy petition, and failed to respond to Bar Counsel's repeated lawful demands for information. Such conduct violated Maryland Attorneys' Rules of Professional Conduct ("MARPC") §19-308.1(b) (Disciplinary Matters), and §19-308.4(a), (c), and (d) (Misconduct).

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 30

September Term, 2016

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

MARK KOTLARSKY

_____

Barbera, C.J.,
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Opinion by Hotten, J.

_____

Filed: June 22, 2017

Respondent, Mark Kotlarsky, was admitted to the Bar of Maryland on December 15, 1992. On August 22, 2016, the Attorney Grievance Commission of Maryland ("the Commission"), through Bar Counsel, filed in this Court a Petition for Disciplinary or Remedial Action ("Petition") against Respondent as a result of having received a notice from Citibank that Respondent had over-drafted his operating account ending in -3487. Upon investigation, the Commission discovered that Respondent had failed to disclose assets that were associated with his law firm's pension plan in his bankruptcy petition, and that Respondent had outstanding federal and state tax liens totaling $35,092.72.[1] In its Petition, the Commission alleged that Respondent violated Maryland Attorneys' Rules of

---

[1] The record reflects that the first lien was filed by the U.S. National Association on February 21, 2013 in the amount of $12,144.23. The second lien was filed by the Comptroller of Maryland on August 23, 2014 in the amount of $22,948.49. Both liens remain active.

Professional Conduct ("MARPC") §19-301.15(a) (safekeeping property),[2] §19-308.1(b) (bar admission and disciplinary matters),[3] and §19-308.4(a), (c), and (d) (misconduct).[4]

---

[2] MARPC §19-301.15 provides, in relevant part:

(a) An attorney shall hold property of clients or third persons that is in an attorney's possession in connection with a representation separate from the attorney's own property. Funds shall be kept in a separate account maintained pursuant to Title 19, Chapter 400 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the attorney and shall be preserved for a period of at least five years after the date the record was created.

After the evidentiary hearing was held, Bar Counsel withdrew the allegation that Respondent violated Rule §19-301.15(a).

[3] MARPC §19-308.1 provides, in relevant part:

An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\* \* \*

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

\* \* \*

[4] MARPC §19-308.4 provides, in relevant part:

It is professional misconduct for an attorney to:
(a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

\* \* \*

(continued . . . )

2

On September 1, 2016, this Court referred the matter to the Honorable Steven G. Salant ("the hearing judge") in the Circuit Court for Montgomery County to conduct a hearing and issue findings of fact and conclusions of law pursuant to Maryland Rule 19-727(d).[5] On February 10, 2017, the hearing judge conducted an evidentiary hearing regarding Respondent's professional misconduct. Thereafter, the hearing judge issued Findings of Fact and Conclusions of Law, determining by clear and convincing evidence that Respondent violated MARPC §19-308.1(b) and MARPC §19-308.4(a),(c), and (d).On April 4, 2017, this Court entered a *per curiam* order disbarring Respondent, effective immediately. For the reasons stated below we hold that the hearing judge's conclusions regarding Respondent's violations of MARPC §19-308.1(b) and §19-308.4(a), (c), and (d)

---

(. . . continued)

    (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

    (d) engage in conduct that is prejudicial to the administration of justice[.]

[5] Maryland Rule 19-727(d) provides:

The judge shall prepare and file a written statement which shall contain:

    (1) findings of fact and conclusions of law as to each charge;
    (2) findings as to any remedial action taken by the attorney; and
    (3) findings as to any aggravating or mitigating circumstances that exist.

Unless the time is extended by the Court of Appeals, the statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerks shall mail a copy of the statement to each party.

were supported by clear and convincing evidence and disbarment is the appropriate sanction.

## I.   BACKGROUND

### a. The Hearing Judge's Findings of Fact

In his Findings of Fact and Conclusions of Law, the hearing judge rendered the following factual findings:

> During the time covered by the [Petition], Respondent maintained a general solo practice in Montgomery County.
>
> On January 14, 2015, a check presented to Citibank account No. X3487 by the Respondent was dishonored for insufficient funds. On January 26, 2015, Bar Counsel received notice from Citibank that Respondent had over-drafted account No. X3487 in the amount of $103.83. Bar Counsel informed the Respondent through letter dated January 27, 2015 that he should provide information and documentation relating to the overdraft within ten days of receipt of the letter. The letter was sent to the address maintained with the Client Protection Fund.
>
> Respondent wrote to Bar Counsel by letter dated March 12, 2015, stating the account was an operating account, not an attorney trust account, and the overdraft was due to a stop payment. Respondent provided a copy of the January 2015 statement for account Nos. X3487 and X1177. Account No. X1177 was Respondent's attorney trust account. The statement showed that Respondent disbursed a sum of $53,484 to "6 Beachside LLC" ("LLC") from his attorney trust account on January 7, 2015. The LLC is a Florida limited liability company owned by the Respondent. The LLC owns real property in Palm Coast, and the resident agent for the LLC is Alla March, aka, Alla Marchenko, who is Respondent's girlfriend and paralegal.
>
> Respondent replied to Bar Counsel's inquiries that the transactions to the LLC were for his law firm's pension plan. After further investigation, Bar Counsel discovered that Respondent filed a Petition for Chapter 7 Bankruptcy. Respondent failed to disclose all of his assets, as well as assets associated with his pension plan in the bankruptcy petition, which is signed under oath. Additionally, Bar Counsel learned that Respondent had outstanding state and federal tax liens in the amount of approximately $22,948.

4

Respondent was instructed to provide information and documentation about the tax liens and related tax liability by July 10, 2015 through a letter from Bar Counsel dated June 22, 2015. However, Respondent failed to respond in any manner after receiving the letter. Bar Counsel sent another letter on July 13, 2015 requesting a reply no later than July 27, 2015 and Respondent again failed to answer after receiving the second letter. On August 4, 2015, Bar Counsel sent a third letter to Respondent, which he did not answer.

Bar Counsel received Respondent's bank records from Citibank through a subpoena issued on June 22, 2015. Bar Counsel requested information about eight transactions pertaining to Respondent's attorney trust account and relating to client ledgers for six named individuals through letter dated January 26, 2016. Respondent received the letter on about the same day and has failed to answer.

### b. The Hearing Judge's Conclusions of Law

Based on the aforementioned findings of fact, the hearing judge concluded that Respondent had violated MARPC §19-308.1(b) (bar admission and disciplinary matters), and 8.4(a), (c), and (d) (misconduct).

### MARPC §19-308.1(b)

MARPC §19-308.1(b) prohibits a lawyer from

[F]ail[ing] to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

The hearing judge concluded that Respondent violated MARPC §19-308.1(b) by failing to respond to Bar Counsel's letters and requests for information dated June 22, 2015, July 13, 2015, August 4, 2015, and January 26, 2016.

5

## **MARPC §19-308.4**

MARPC §19-308.4 provides, *inter alia*, that "[i]t is professional misconduct for an attorney to:"

    (a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

*    *    *

    (c) engage in conduct involving dishonest, fraud, deceit or misrepresentation;

    (d) engage in conduct that is prejudicial to the administration of justice[.]

The hearing judge determined that Respondent violated subsection (a) because Respondent had violated other Rules of Professional Conduct. *See Attorney Grievance Comm'n v. Gallagher*, 371 Md. 673, 710-11, 810 A.2d 996, 1018 (2002) ("As we have held that respondent violated several Rules of Professional Conduct, [the attorney] necessarily violated [MARPC] 8.4(a) as well."); *see also Attorney Grievance Comm'n v. Foltz*, 411 Md. 359, 411, 983 A.2d 434, 465 (2009).

The hearing judge held that Respondent violated MARPC §19-308.4(c) by failing to disclose assets associated with his pension plan when he filed his Petition for Chapter 7 Bankruptcy on February 6, 2013. The hearing judge also concluded that Respondent's conduct, taken as a whole, was prejudicial to the administration of justice in violation of Rule 8.4(d).[6]

---

[6] We note the hearing judge cited *Attorney Grievance Comm'n v. Walker Turner*, 428 Md. 214, 51 A.3d 553 (2012), in support of his finding that Respondent's conduct was prejudicial to the administration of justice in violation of Rule 8.4(d). Specifically, the hearing judge noted that we discussed in *Walker Turner* "that when an attorney violates several of the Rules of Professional Conduct, the attorney necessarily violates the Rule prohibiting attorneys from engaging in conduct prejudicial to the administration of justice."

(continued . . . )

The hearing judge also determined there were no mitigating factors in the case at bar.

## II.    STANDARD OF REVIEW

In *Attorney Grievance Comm'n v. Hodes*, 441 Md. 136, 105 A.3d 533 (2014), we articulated our oft-cited standards for reviewing attorney disciplinary proceedings, stating that:

> This Court has original and complete jurisdiction over attorney discipline proceedings in Maryland. We conduct an independent review of the record and we accept the hearing judge's findings of fact unless shown to be clearly erroneous. Under our independent review of the record, we must determine whether the findings of the hearing judge are based on clear and convincing evidence. With respect to exceptions, upon our review of the record, the hearing judge's findings of fact generally will be accepted unless they are clearly erroneous. A hearing judge's factual finding is not clearly erroneous if there is any competent material evidence to support it. As to the hearing judge's conclusions of law, such as whether provisions of the Maryland [Attorneys'] Rules of Professional Conduct were violated, our consideration is *de novo*.

*Id.* at 168, 105 A.3d at 552 (citations, internal quotation marks, and footnote omitted).

## III.    DISCUSSION

We note that Respondent did not appear for either the fact-finding or for oral argument before this Court and that neither Bar Counsel nor Respondent filed exceptions to the hearing judge's findings of fact or conclusions of law.  Accordingly, we conclude that the hearing judge's findings of fact are thereby established.  *See* Maryland Rule 19-

---

(. . . continued)

*Walker Turner*, 428 Md. at 232, 51 A.3d at 564.  This portion of our opinion addressed, however, the attorney's violation of Rule 8.4(a), not 8.4(d), as the hearing judge suggested in his Conclusions of Law.

741(b)(2)(A) ("If no exceptions are filed, the Court may treat the findings of fact as established."). We also agree that the findings of fact establish by clear and convincing evidence that Respondent violated MARPC §19-308.1(b) and §19-308.4(a), (c), and (d) when he failed to respond to lawful demands for information by Bar Counsel and failed to disclose assets associated with his law firm's pension plan in his petition for bankruptcy.[7]

## IV. SANCTION

The Commission requests that this Court disbar Respondent from the practice of law. According to the Commission, Respondent's repeated failure to respond to Bar Counsel's inquiries regarding outstanding tax liens, his attorney trust account, and his failure to disclose assets associated with his law firm's pension plan in his Petition for Chapter 7 Bankruptcy, warrant such a sanction. We agree.

"In fashioning the appropriate sanction to be imposed, we are guided by our interest in protecting the public and the public's confidence in the legal profession." *Attorney Grievance Comm'n v. Pennington*, 387 Md. 565, 595, 876 A.2d 642, 660 (2005) (citing

---

[7] The record before the hearing judge reflects that on November 18, 2010, Silver Spring Family Medical Center, LLC ("SSFMC") filed a voluntary Petition for Chapter 7 Bankruptcy in the Maryland Bankruptcy Court. On November 23, 2010, Respondent entered his appearance in the SSFMC bankruptcy case as counsel for the Law Office of Mark Kotlarsky, Esq. Pension Plan, alleging the Pension Plan was an unsecured creditor of SSFMC. Three years later, on February 6, 2013, Respondent filed a Petition for Chapter 7 Bankruptcy, in his personal capacity, in the Maryland Bankruptcy Court. Although Respondent disclosed the Pension Plan in his bankruptcy petition, the record indicates that he failed to disclose the potential SSFMC claim as an asset. Upon discovery of the Pension Plan's potential claim, Respondent's bankruptcy trustee contested the Final Report and Account in the SSFMC bankruptcy. The SSFMC bankruptcy judge subsequently held that the funds due to Respondent's Pension Plan would be distributed to Respondent's bankruptcy trustee until ownership of the funds could be determined. On August 28, 2013, $41,148.55 was distributed to Respondent's bankruptcy trustee.

8

*Attorney Grievance Comm'n v. Powell*, 369 Md. 462, 474, 800 A.2d 782, 789 (2002)). We have also noted that "the purpose of attorney disciplinary proceedings is not to punish the lawyer, but to protect the public as well as to deter other lawyers from engaging in similar misconduct." *Id.* at 596, 876 A.2d at 660 (citing *Attorney Grievance Comm'n v. Ellison*, 384 Md. 688, 714, 867 A.2d 259, 274 (2005)). In addition, "[t]he gravity of misconduct is not measured solely by the number of rules broken but is determined largely by the lawyer's conduct." *Attorney Grievance Comm'n v. Siskind*, 401 Md. 41, 74, 930 A.2d 328, 347 (2007) (quoting *Attorney Grievance Comm'n v. Briscoe*, 357 Md. 554, 568, 745 A.2d 1037, 1044 (2000)). To determine the proper sanction, we also consider the facts and circumstances of an individual case, including the "nature of the ethical duties violated[,]" and "any aggravating or mitigating circumstances." *Attorney Grievance Comm'n v. Shepard*, 444 Md. 299, 339, 119 A.3d 765, 788 (2015) (citing *Attorney Grievance Comm'n v. Paul*, 423 Md. 268, 284, 31 A.3d 512, 522 (2011). Considering the facts presented before us, and absent mitigating circumstances, we conclude that disbarment is the appropriate sanction.

We have consistently held that repeated failures to respond to Bar Counsel's investigative requests can be a violation of MARPC §19-308.1(b). *See Attorney Grievance Comm'n v. Gray*, 436 Md. 513, 521-22, 83 A.3d 786, 791 (2014) (holding attorney violated Rule 8.1(b) by failing to respond to two letters from the Commission regarding grievance complaint); *Attorney Grievance Comm'n v. Harmon*, 435 Md. 306, 315-16, 77 A.3d 1107, 1112-13 (2013) (concluding that attorney violated Rule 8.1(b) by failing to respond to Bar Counsel's letters regarding multiple grievance complaints); *Attorney Grievance Comm'n*

9

*v. Bleecker*, 414 Md. 147, 174, 994 A.2d 928, 944 (2010) (determining that attorney violated Rule 8.1(b) by failing to respond to repeated written requests for information from Bar counsel regarding grievance complaint). Here, the record reflects that Respondent repeatedly failed to respond to Bar Counsel's request for information regarding Respondent's trust account and the tax liens entered against him in violation of MARPC §19-308.1(b).

In *Siskind*, we noted that "acts of dishonesty, fraud, or misleading behavior may warrant a sanction of disbarment." 401 Md. at 75, 930 A.2d at 348; *see also Attorney Grievance Comm'n v. White*, 354 Md. 346, 366, 731 A.2d 447, 458 (1999) ("[t]actics involving dishonesty, fraud, or deceit, carry the risk of the ultimate sanction by this Court."). We concluded that this is so, because

> [u]nlike matters relating to competency, diligence and the like, intentional dishonest conduct is closely entwined with the most important matters of basic character to such a degree as to make intentional dishonest conduct by a lawyer almost beyond excuse. Honesty and dishonesty are, or are not, present in any attorney's character.

*Siskind*, 401 Md. at 75, 930 A.2d at 348 (quoting *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 418, 773 A.2d 463, 488 (2001)). We have also held that "[o]nly in the case of compelling extenuating circumstances 'will we even consider imposing less than the most severe sanction of disbarment' in cases involving dishonesty and fraudulent conduct." *Attorney Grievance Comm'n v. McClain*, 406 Md. 1, 19, 956 A.2d 135, 145-46 (2008) (quoting *Attorney Grievance Comm'n v. Goodman*, 381 Md. 480, 499, 850 A.2d 1157, 1168 (2004)). Elaborating on the "compelling extenuating circumstances" requirement, we concluded that

we will not accept, as "compelling extenuating circumstances," anything less than the most serious and utterly debilitating mental or physical health conditions, arising from any source that is the "root cause" of the misconduct *and* that also results in an attorney's utter inability to conform his or her conduct in accordance with the law and with the [MARPC].

*Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 413-14, 773 A.2d 463, 485 (2001). We conclude that no such "compelling extenuating circumstances" exist in the case at bar.

This case is analogous to our decisions in *Attorney Grievance Comm'n v. Byrd*, 408 Md. 449, 970 A.2d 870 (2009) and *Attorney Grievance Comm'n v. Zodrow*, 419 Md. 286, 19 A.3d 381 (2011). In *Byrd*, we disbarred an attorney for, *inter alia*, perjuring himself by filing false business reports under oath in the attorney's bankruptcy proceeding in violation of Rule 8.4(b), (c), and (d). 408 Md. at 483, 970 A.2d at 889. In *Zodrow*, a reciprocal discipline proceedings case, we disbarred an attorney for, *inter alia*, failing to make pertinent asset disclosures during his personal bankruptcy case in violation of Rule 8.4. 419 Md. at 303-04, 19 A.3d at 391-92. In the present case, Respondent knowingly failed to disclose a potential claim his law firm's pension plan may have received in his petition for bankruptcy, thereby violating MARPC §19-308.4(c) and (d).

In concluding that Respondent has violated multiple Rules of Professional Conduct, we further hold that Respondent thereby violated MARPC §19-308.4(a). *See Gallagher*, 371 Md. at 710-11, 810 A.2d at 1018 (holding that because attorney violated several Rules of Professional Conduct, the attorney also violated Rule 8.4(a)); *Foltz*, 411 Md. at 411, 983 A.2d at 465 (concluding that attorney's violation of multiple other Rules constituted a violation of Rule 8.4(a)). Accordingly, and guided by our holdings in *Byrd* and *Zodrow*,

11

we entered the April 4, 2017 *per curiam* order, disbarring Respondent and awarding costs against him.