*Attorney Grievance Commission of Maryland v. Keith Anthony Parris*, Misc. Docket AG No. 22, September Term, 2021.  Opinion by Eaves, J.

**ATTORNEY DISCIPLINE — SANCTION — DISBARMENT**

Keith Anthony Parris, Respondent, violated several provisions of the Maryland Attorneys' Rules of Professional Conduct ("MARPC") when he failed to file opposition motions on behalf of his client; failed to respond to discovery requests; failed to comply with court orders compelling him to complete discovery; failed to communicate with his client; repeatedly failed to respond to his client's requests for information; misrepresented the status of the case to his client; made knowing and intentional misrepresentations to the trial court; collected unreasonable fees from his client for services he did not perform; and failed to respond to Bar Counsel's requests for information.

Respondent's conduct violated the following MARPC: 1.1 (Competence); 1.3 (Diligence); 1.4 (Communication); 1.5 (Fees); 3.2 (Expediting Litigation); 3.3 (Candor Toward the Tribunal); 3.4 (Fairness to Opposing Party and Attorney); 8.1 (Bar Admission and Disciplinary Matters); and 8.4 (Misconduct). These violations warrant Respondent's disbarment.

Circuit Court for Prince George's County
Case No. CAE21-10972
Submitted on Brief: November 4, 2022

IN THE SUPREME COURT

OF MARYLAND*

---

Misc. Docket AG No. 22

September Term, 2021

---

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

KEITH ANTHONY PARRIS

---

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Raker, Irma S.
    (Senior    Judge,    Specially
Assigned),

JJ.

---

Opinion by Eaves, J.

---

Filed:  February 1, 2023

* At the November 8, 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

This attorney discipline case involves the misconduct of Keith Anthony Parris ("Parris"), a member of the Bar of this Court. During his representation of a client, Parris's conduct evidenced a multitude of wrongdoing warranting his disbarment. Parris failed to respond to motions, to respond to discovery requests, to comply with court orders compelling him to complete discovery, and to advise his client of the pending motions and discovery. Parris neglected to respond to his client's requests for information, and, to conceal his deficiencies, he misrepresented the status of the case to his client and made knowing and intentional misrepresentations to the trial court. Parris's inaction ultimately caused the court to impose sanctions and enter a default judgment against his client.

The Attorney Grievance Commission of Maryland (the "Commission"), acting through Bar Counsel, filed in this Court its Petition for Disciplinary or Remedial Action (the "Petition") against Parris. The Commission alleged that Parris violated the following nine Maryland Attorneys' Rules of Professional Conduct ("MARPC"):

1. 19-301.1 (Competence) (1.1);
2. 19-301.3 (Diligence) (1.3);
3. 19-301.4 (Communication) (1.4);
4. 19-301.5 (Fees) (1.5);
5. 19-303.2 (Expediting Litigation) (3.2);
6. 19-303.3 (Candor Toward the Tribunal) (3.3);
7. 19-303.4 (Fairness to Opposing Party and Attorney) (3.4);
8. 19-308.1 (Bar Admissions and disciplinary Matters) (8.1); and
9. 19-308.4 (Misconduct) (8.4).

Pursuant to Maryland Rule 19-722(a), this Court entered an order referring the matter to the Circuit Court for Prince George's County. In the Order, this Court designated the Honorable Wytonja L. Curry (the "hearing judge") to conduct an evidentiary hearing

and provide findings of fact and conclusions of law. During the proceedings before the hearing judge, Parris did not file any responsive pleadings or respond to Bar Counsel's requests for information. As a result, the Commission filed a Motion for Order of Default. The hearing judge entered an Order of Default against Parris "for failure to respond to [the Petition] within the time permitted by the Order of the [Supreme Court of Maryland] and the Writ of Summons issued by the Clerk of [the circuit court]." The circuit court held a hearing, at which Parris did not appear. The hearing judge considered the evidence that the Commission submitted at the hearing and then filed Findings of Fact and Conclusions of Law with this Court.

Parris did not file any exceptions to the hearing judge's Findings of Fact and Conclusions of Law. Because (1) Parris did not file an answer to the Petition and the hearing judge entered an Order of Default against him; (2) the Order of Default was not vacated; (3) Parris did not appear at the hearing before the hearing judge; and (4) Parris did not file any exceptions or recommendation for sanction with this Court, he is deemed to have waived oral argument pursuant to Maryland Rule 19-740(a). Accordingly, this Court considered the matter without oral argument based on the record before the hearing judge.

For the reasons discussed below, we agree with the hearing judge's conclusions of law for each of Parris's violations of the professional conduct rules and disbar Parris.

## I. THE HEARING JUDGE'S FINDINGS OF FACT

Where, as here, neither party filed any exceptions to the hearing judge's findings of fact, this Court "may treat the [hearing judge's] findings of fact as established." Md. Rule 19-740(b)(2)(A). We summarize the hearing judge's findings of fact below.

2

### A.    *Background*

This Court admitted Parris to the Bar of this Court on June 18, 1987.[1]  At all times relevant to this proceeding, Parris maintained an office for the practice of law in Prince George's County, Maryland.    Parris's misconduct in this case arises out of his representation of the Chaddsford Community Association, Inc. ("Chaddsford").

### B.    *Chaddsford Community Association, Inc.*

Chaddsford is a homeowner's association for a housing community in Brandywine, Maryland.    In August 2010, Chaddsford retained the Law Offices of Gregory A. Alexandires (the "Firm") as general counsel to Chaddsford's board of directors (the "Board").[2]    Among its duties, the Firm collected past due assessments from property owners subject to Chaddsford's authority.  In June 2017, Chaddsford terminated the Firm and requested from the Firm an invoice for outstanding attorneys' fees and collection costs. The Firm subsequently sent Chaddsford an itemized invoice in the amount of $77,727.43, accounting for the Firm's services from August 2010 to June 2017.  Chaddsford did not pay the invoice, which prompted the Firm to file a lawsuit against Chaddsford in the District Court of Maryland sitting in Prince George's County.  The Firm's action against Chaddsford sought to collect a portion ($29,673.30) of the attorneys' fees and collection costs detailed in the June 2017 invoice.

---

[1] At the time of his admission, it was the Bar of the Court of Appeals of Maryland. As noted earlier, the name is now the Bar of the Supreme Court of Maryland.

[2] For simplicity, we will refer to Chaddsford's actions through the Board as "Chaddsford" since the Board is authorized to make decisions on behalf of Chaddsford pursuant to Chaddsford's articles of incorporation and bylaws.

## C.    *Parris's Representation of Chaddsford in the Firm's Lawsuit*

On August 13, 2018, Chaddsford retained Parris to serve as its new general counsel. With respect to the Firm's District Court action against Chaddsford, Parris advised Chaddsford that it "was not liable for approximately 40% of the attorneys' fees and costs claimed . . . because the Firm failed to collect those amounts before the statute of limitations expired." Parris further advised Chaddsford that "some of the legal services included on the [June 2017] invoice were inconsistent with prior accountings" the Firm provided to Chaddsford. Based on his advice, Chaddsford authorized Parris to represent it in the District Court action. Parris billed Chaddsford $2,415 for legal services he provided in the District Court case from August 7–31, 2018, which Chaddsford paid in full.

On November 29, 2018, the Firm filed a separate complaint against Chaddsford in the Circuit Court for Prince George's County and sought to recover $75,000—nearly the full amount of the June 2017 invoice. The Firm thereafter filed a motion to stay the proceedings in the District Court pending the outcome of the circuit court action. Parris did not file a response to the motion, and the District Court granted the motion. Parris invoiced Chaddsford $2,460 for legal representation he provided in the District Court case from September 1, 2018, through December 14, 2018, which Chaddsford paid in full.

Parris filed an answer to the circuit court complaint on March 15, 2019, in which he argued that Chaddsford did not owe the claimed fees and asserted several affirmative defenses to the Firm's claims. Parris then served Chaddsford's first set of interrogatories on the Firm. Among its written discovery requests, the Firm served request for admissions on Parris, to which Chaddsford's responses were due on April 29, 2019. Parris "failed to

4

timely forward the discovery requests to Chaddsford or advise [Chaddsford] of the deadline to respond" and "failed to timely respond to the requests."

As a result, the Firm filed a partial summary judgment motion contending that the circuit court should deem as admitted the alleged facts in the complaint due to Chaddsford's failure to respond to the request for admissions. Parris neither advised Chaddsford of the summary judgment motion nor filed a response to the motion. The circuit court denied the summary judgment motion for nonconformance with Maryland Rule 2-501(a).[3] The Firm subsequently filed a motion for reconsideration of its summary judgment motion in conformance with Rule 2-501(a), which the court again denied.

On June 28, 2019, Parris filed an answer to the Firm's summary judgment motion stating in part,

> [a]s indicated in the Answer to Complaint, a large part of the [Firm's] complaint is barred by the [s]tatute of [l]imitations.
>
> [Chaddsford] is still in the process of gathering discovery to establish the violation of the [s]tatute of limitations, in that the information is in the custody of the [Firm].
>
> [Chaddsford] has been hindered in this process in not receiving documents and pleadings supposedly filed by the [Firm].
>
> This matter should be litigated on the merits. [Chaddsford's] discovery will be fully complied with on or before July 12, 2019.

---

[3] When a party files a motion for summary judgment with the court, "[t]he motion shall be supported by affidavit if it is (1) filed before the day on which the adverse party's initial pleading or motion is filed or (2) based on facts not contained in the record." Md. Rule 2-501(a). The Firm's motion lacked this supporting affidavit.

The Firm, however, served Parris its answers to Chaddsford's interrogatories and copies of each of its motions throughout the proceedings. The hearing judge found that "[Parris's] statements to the [trial] court that he was in the process of gathering information from the Firm and that he had been hindered by not receiving documents and pleadings filed by the Firm were knowingly and intentionally false."

Thereafter, the court held a pretrial conference, which Parris attended on behalf of Chaddsford. At the conference, the court ordered that Chaddsford provide all outstanding discovery responses to the Firm by August 5, 2019. On August 5, Parris sent his discovery responses to the Firm via email attachment, but the responses were incomplete and one of the attachments could not be opened. The Firm sent Parris via email two requests to resend complete discovery responses that could be opened. Parris did not respond to either email. Consequently, the Firm filed a motion for sanctions against Chaddsford for failure to provide outstanding discovery by the court's deadline. The Firm requested the court to award it $800 in attorney's fees for the time it spent on additional efforts to obtain the outstanding discovery. Parris did not file a response to the sanctions motion. Parris proceeded to bill Chaddsford $3,955 in legal services that he claimed for the period of March 14, 2019, through August 14, 2019. Chaddsford paid the invoice in full.

The court denied the motion for sanctions and entered an order "compelling Chaddsford to provide electronic and hard copies of all discovery to the Firm within seven days" of August 30, 2019. When Parris failed to comply with the court's discovery order, the Firm filed a renewed motion for sanctions for failure to comply with second court order for discovery responses. The Firm requested that the court enter an order of default against

6

Chaddsford and award the Firm attorneys' fees in the amount of $1,225. Parris did not file a response to the Firm's motion and did not provide the outstanding discovery to the Firm.

On October 14, 2019, Parris met with Chaddsford to provide an update on the circuit court litigation. According to the Board's meeting minutes, Parris discussed the settlement value of the case and his anticipated attorneys' fees. The hearing judge found that Parris omitted material facts in an effort to conceal his misconduct from Chaddsford. In particular, Parris did not inform Chaddsford of the outstanding discovery requests or of his failure to comply with court orders compelling Chaddsford to provide outstanding discovery. Parris also did not advise Chaddsford of the Firm's recent pending motion, in which the Firm asked the court to impose discovery sanctions and enter a default judgment against Chaddsford.

On October 21, 2019, the court entered an order granting the Firm's renewed motion for sanctions. The court awarded, with post-judgment interest, $1,225 in attorneys' fees to the Firm and entered a default judgment against Chaddsford in the amount of $75,000. The court's order stated that Chaddsford "shall have thirty (30) days from the date of this order to move to vacate this entry of default." Parris neither advised Chaddsford of the default judgment nor moved to vacate the default judgment.[4]

After the court's entry of default, Parris did not respond to Chaddsford's communications to him about the status of the case. In January 2020, Chaddsford's managing agent sent three emails to Parris requesting an update. Parris did not respond to

---

[4] Pursuant to Maryland Rule 3-507, the District Court dismissed the Firm's District Court claim on January 17, 2020.

7

these emails. Between January 2020 and March 11, 2020, the Board president made several phone calls and sent 17 text messages to Parris requesting information about the case. Parris did not answer any phone calls but responded to some text messages, although his responses appeared to lack both substance and thought.

Unbeknownst to Chaddsford, the Firm obtained and served a writ of garnishment on Chaddsford's bank to collect the $75,000 default judgment. On February 19, 2020, Chaddsford's bank sent a letter to Chaddsford notifying it of the writ of garnishment with a copy of the writ attached—this was Chaddsford's first notification of the default judgment. Parris did not notify Chaddsford of the default judgment until March 11, 2020, via email. Parris stated that the circuit court recently entered the October 21, 2019, default judgment against Chaddsford. The hearing judge found that Parris's statement that the default judgment was recent was "knowingly false and intentionally misleading" because almost five months had passed. Parris "omitted material facts concerning his failure to respond to discovery and failure to comply with the court's orders to conceal his misconduct." Parris also notified Chaddsford that he would attend a March 9, 2020, Board meeting to discuss the outcome of the circuit court case. Parris did not appear at the scheduled meeting.

Parris billed Chaddsford periodically throughout the litigation, and Chaddsford promptly paid each invoice in full. Between August 31, 2018, and August 26, 2019, Parris collected $8,830 in fees from Chaddsford, at a rate of $300 per hour. Parris created false time entries and billed Chaddsford for services he did not perform. The hearing judge cited examples including an entry dated August 13, 2019, which reflected that Parris

8

"purportedly spent 4.4 hours reviewing and analyzing discovery" and an entry dated August 14, 2019, the work for which Parris "billed 2.3 hours to review and input data." The hearing judge found that "the billing entries were knowingly false and intended to conceal [Parris's] failure to defend Chaddsford in the litigation."

### D. Bar Counsel's Investigation

On May 20, 2020, Chaddsford filed a complaint against Parris with the Commission. Between July 2020 and November 2020, Bar Counsel wrote to Parris on four separate occasions requesting a response to the complaint against him. Parris did not respond to Bar Counsel's inquiries. On December 3, 2020, a Bar Counsel investigator went to Parris's home and spoke with him. Parris denied receiving any of Bar Counsel's letters. The investigator gave Parris copies of all four letters, and Parris said he would reach out to Bar Counsel that day. Parris did not contact Bar Counsel and never responded to any of Bar Counsel's requests for information.

## II.    STANDARD OF REVIEW

As discussed, when neither the respondent nor the Commission files exceptions to any of the hearing judge's findings of fact, this Court may accept those findings of fact as established. Md. Rule 19-740(b)(2)(A). This Court reviews *de novo* the hearing judge's conclusions of law, Md. Rule 19-740(b)(1), and "determines whether clear and convincing evidence establishes that an attorney violated the MARPC[,]" *Att'y Grievance Comm'n v. Silbiger*, 478 Md. 607, 617 (2022).

9

## III. DISCUSSION

The hearing judge found by clear and convincing evidence that Parris violated professional conduct Rules 1.1; 1.3; 1.4; 1.5(a), 3.2; 3.3(a); 3.4; 8.1(b); and 8.4(a), (c)–(d). Neither Parris nor the Commission filed exceptions to the hearing judge's conclusions of law. For the reasons discussed below, we agree with the hearing judge that clear and convincing evidence establishes each of the MARPC violations in this case and conclude that disbarment is the appropriate sanction for Parris.

### A. *Clear and Convincing Evidence Supports the Hearing Judge's Conclusions of Law.*

Because the same conduct of Parris supports his violation of several rules of professional conduct, we first address concurrently Rules 1.1, 1.3, 1.4, 3.2, and 3.4. We then address in turn Rules 1.5, 3.3, 8.1, and 8.4.

### *Rule 1.1 (Competence); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 3.2 (Expediting Litigation); Rule 3.4 (Fairness to Opposing Party and Attorney).*

Under Rule 1.1, "[a]n attorney shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness[,] and preparation reasonably necessary for the representation." Generally, this Court will find that an attorney violated Rule 1.1 when he or she "fails to act or acts in an untimely manner, resulting in harm to his or her client." *Att'y Grievance Comm'n v. Edwards*, 462 Md. 642, 694 (2019) (quoting *Att'y Grievance Comm'n v. Brown*, 426 Md. 298, 319 (2012)). An attorney has violated Rule 1.1 when he or she failed to "file opposition motions," failed to "answer discovery requests," *Att'y Grievance Comm'n v. Bellamy*, 453 Md. 377, 393

10

(2017), and failed to comply with court orders, *Att'y Grievance Comm'n v. Powell*, 461 Md. 189, 217 (2018). An attorney has demonstrated incompetent representation by his or her failure to respond to discovery that results in sanctions against and pecuniary damage to the client. *Att'y Grievance Comm'n v. Hamilton*, 444 Md. 163, 180 (2015).

Rule 1.3 states that "[a]n attorney shall act with reasonable diligence and promptness in representing a client." Due to the evident overlap between competence and diligence, an attorney's "[c]onduct which violates Rule 1.1 will often also violate Rule 1.3." *Powell*, 461 Md. at 216 (citing *Att'y Grievance Comm'n v. McCulloch*, 404 Md. 388, 398 (2008)). An attorney can violate Rule 1.3 when he or she fails to file responsive motions, to respond to discovery requests, to comply with court orders to complete discovery, and to respond to the client's communications about the case. *Att'y Grievance Comm'n v. Williams*, 446 Md. 355, 374 (2016). *E.g.*, *Att'y Grievance Comm'n v. Leatherman*, 475 Md. 80, 105 (2021). An attorney has failed to act with reasonable diligence when his or her failure to respond to discovery requests causes a court to impose discovery sanctions against the client. *Hamilton*, 444 Md. at 183 (citing *Brown*, 426 Md. at 320).

Rule 1.4(a) provides, in pertinent part, that an attorney shall "keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests for information[.]" Rule 1.4(b) requires that "[a]n attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." This Court has sustained violations of Rule 1.4 for an attorney's failure to keep the client reasonably informed about the status of the case, to

promptly respond to the client's reasonable requests for information about the case, *Leatherman*, 475 Md. at 105, and to apprise the client of pending motions and discovery requests, including the significance of sanctions, *Att'y Grievance Comm'n v. Collins*, 469 Md. 134, 147 (2020); *Att'y Grievance Comm'n v. Planta*, 467 Md. 319, 349–50 (2020). Rule 1.4 "is violated also when an attorney 'fails to communicate crucial information about the status of the case,' such as when a case is dismissed." *Planta*, 467 Md. at 349 (quoting *Hamilton*, 444 Md. at 185). An attorney's "failure to communicate the status of a case prevents the client from making informed decisions." *Edwards*, 462 Md. at 699 (citing *Att'y Grievance Comm'n v. Shapiro*, 441 Md. 367, 385 (2015)). Additionally, an attorney's misrepresentation of the status of the case to the client can violate Rule 1.4. *Id.*

Pursuant to Rule 3.2, "[a]n attorney shall make reasonable efforts to expedite litigation consistent with the interests of the client." An attorney violates Rule 3.2 by neglecting a client's case and failing to comply with discovery requests resulting in the court's imposition of sanctions and a default judgment against the client. *Brown*, 426 Md. at 323. *E.g.*, *Planta*, 467 Md. at 354; *Att'y Grievance Comm'n v. Trye*, 444 Md. 201, 216 (2015). *See also Att'y Grievance Comm'n v. Steinberg*, 395 Md. 337, 365 (2006) (concluding that an attorney violated Rule 3.2, in part, as a result of his lack of communication with the client during litigation).

Under Rule 3.3(c), an attorney shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]" Rule 3.4(d) provides, in applicable part, that "an attorney shall not . . . fail to make reasonably diligent effort to comply with a legally proper discovery request by an

opposing party[.]" We have held that an attorney's failure to respond to discovery requests and adequately comply with court orders to complete discovery resulting in monetary sanctions violates Rule 3.4. *Att'y Grievance Comm'n v. Kane*, 465 Md. 667, 719–20 (2019).

Applying the above principles here, Parris's derelict representation of Chaddsford concurrently violated professional conduct rules of competence, diligence, communication, expediting litigation, and fairness to opposing party and attorney. Parris repeatedly failed to respond to discovery requests, failed to adequately comply with the circuit court's orders compelling discovery, and failed to file any opposition to the Firm's motions for sanctions and motion for default. Parris neglected to apprise Chaddsford of the Firm's discovery requests or of the deadlines to respond to the discovery requests, to advise Chaddsford of the court orders compelling discovery and the possibility of sanctions, and to inform Chaddsford of the summary judgment, sanctions, and default motions. Parris failed to substantively answer Chaddsford's numerous and reasonable requests for information, and when he did communicate with Chaddsford, he intentionally omitted his shortcomings that resulted in harm to Chaddsford. When Parris did provide discovery, he produced untimely and incomplete discovery responses on behalf of Chaddsford despite court orders compelling complete responses. Parris's continuous inaction at each stage of the litigation resulted in significant harm to Chaddsford in the form of a $75,000 default judgment and court-imposed sanctions of $1,225 in attorneys' fees with post judgment interest. Parris took no action to vacate the default judgment against Chaddsford and did not notify Chaddsford of the default judgment until

13

approximately five months later. For these reasons, Parris violated Rules 1.1, 1.3, 1.4, 3.2, 3.3(c), and 3.3(d).

## *Rule 1.5 (Fees).*

Under Rule 1.5(a), an attorney "shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." A court considers the following factors in determining the reasonableness of a fee:

> (1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney;
> (3)    the fee customarily charged in the locality for similar legal services;
> (4)    the amount involved and the results obtained;
> (5)    the time limitations imposed by the client or by the circumstances;
> (6)    the nature and length of the professional relationship with the client;
> (7)    the experience, reputation, and ability of the attorney or attorneys performing the services; and
> (8)    whether the fee is fixed or contingent.

Md. Rule 19-301.5(a). An attorney's fee arrangement with a client is reasonable if it is "commensurate with the legal services provided." *Leatherman*, 475 Md. at 106 (quoting *Edwards*, 462 Md. at 701). Accordingly, "a reasonable fee at the outset of a representation 'can become unreasonable if the lawyer fails to earn it.'" *Id.* (quoting *Edwards*, 462 Md. at 701). An attorney's fee arrangement with a client "is unreasonable if the attorney fails to perform any meaningful work on behalf of the client in exchange for the fee." *Att'y Grievance Comm'n v. Smith*, 457 Md. 159, 218 (2018) (internal quotation marks omitted) (quoting *Att'y Grievance Comm'n v. Chapman*, 430 Md. 238, 275 (2013)).

14

Here, Parris deserted Chaddsford, after which he did not "perform any meaningful work on behalf of [Chaddsford] in exchange for the fee" that he charged. Throughout the litigation, Parris periodically billed Chaddsford for legal services he did not provide. For example, Parris billed Chaddsford $3,955 for legal services he claimed for the period of March 14, 2019, through August 14, 2019. During this time, Parris filed an answer to the Firm's complaint, but he neglected to respond to or inform Chaddsford of the Firm's discovery requests, to sufficiently comply with a court order compelling him to complete discovery, and to respond to the Firm's motions for summary judgment. Thereafter, Parris failed to respond to the Firm's sanctions motions and default judgment motion. As the hearing judge found, Parris's "billing entries were knowingly false and intended to conceal [his] failure to defend Chaddsford[.]" Although Parris's fee arrangement with Chaddsford may have been reasonable at the outset of the litigation, those fees became unreasonable when Parris ceased to provide any services of value. Thus, we agree with the hearing judge that Parris collected from Chaddsford unreasonable fees totaling $8,830.

### Rule 3.3 (Candor Toward the Tribunal).

Pursuant to Rule 3.3(a)(1), an attorney "shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the attorney[.]" *See Att'y Grievance Comm'n v. Collins*, 477 Md. 482, 504–06 (2022) (concluding that an attorney violated Rule 3.3 where she claimed she had not received email messages notifying her of a complaint but it could be reasonably inferred from the record that she received such messages). "What matters for purposes of finding [a] [Rule]3.3(a)(1) violation is whether an attorney knows that the

15

information he or she presents to the tribunal is incorrect." *Att'y Grievance Comm'n v. Steinhorn*, 462 Md. 184, 197 (2018) (citing *Att'y Grievance Comm'n v. Ward*, 394 Md. 1, 32 (2006)).

Here, pursuant to Rule 19-740, we treat as established the hearing judge's finding that Parris made knowing and intentional misrepresentations to the circuit court in his June 28, 2019, answer to the motion for summary judgment. Parris stated that he was "still in the process of gathering discovery" and "had been hindered in this process in not receiving documents and pleadings" from the Firm. The circuit court record reflects that the Firm served a copy of answers to interrogatories on April 15, 2019. We therefore agree with the hearing judge's conclusion that Parris's conduct violated Rule 3.3(a)(1).

### Rule 8.1 (Bar Admission and Disciplinary Matters).

"An attorney . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[.]" Md. Rule 19-308.1(b). An attorney violates Rule 8.1(b) when "he or she fails to respond to Bar Counsel's lawful request for information." *Att'y Grievance Comm'n v. Hoerauf*, 469 Md. 179, 213 (2020) (citing *Edwards*, 462 Md. at 705).

Here, Parris failed to respond to Bar Counsel's correspondence in 2020 dated July 2, July 29, November 10, and November 16. Even after receiving hand delivered copies of Bar Counsel's letters at his residence and stating that he would respond, Parris still failed to respond in any manner. Thus, Parris violated Rule 8.1(b).

### Rule 8.4 (Misconduct).

Rule 8.4 states, pertinent part, that it is professional misconduct for an attorney to:

(a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct;

***

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [and]

(d) engage in conduct that is prejudicial to the administration of justice[.]

An attorney violates Rule 8.4(a) when "he or she violates any other Rule under the MARPC." *Hoerauf*, 469 Md. at 214 (citing *Edwards*, 462 Md. at 706). We have sustained an attorney's violation of Rule 8.4(c) when he or she makes a knowing and intentional misrepresentation to a court to conceal his or her shortcomings, *id.* at 215, and misrepresents the status of the case to his or her client, *Brown*, 426 Md. at 323–24. An attorney's conduct that violates Rule 8.4(c) may also violate Rule 8.4(d). *Hoerauf*, 469 Md. at 215. Generally, an attorney violates Rule 8.4(d) when his or her conduct "impacts negatively the public's perception or efficacy of the courts or legal profession." *Id.* at 214–15 (quoting *Att'y Grievance Comm'n v. Dore*, 433 Md. 685, 696 (2013)).

Because we conclude that Parris violated multiple rules of professional conduct, we conclude that Parris also violated Rule 8.4(a). With respect to Rule 8.4(c) and 8.4(d), Parris made knowing and intentional misrepresentations to the circuit court in his June 28 Answer; misrepresented the status of the case to Chaddsford in his March 2020 email to Chaddsford; and billed Chaddsford for services he never provided, all in an attempt to conceal his misconduct. Further, as to Rule 8.4(d), Parris engaged in conduct prejudicial to the administration of justice. Parris's pattern of inaction and neglect caused substantial

17

harm to Chaddsford and brings the legal profession into disrepute. Parris's failure to respond to Bar counsel further brings the legal profession into disrepute.

**B.      *The Appropriate Sanction is Disbarment.***

The primary purpose of a sanction in an attorney disciplinary proceeding is to "protect[] the public and deter[] future misconduct rather than to punish the attorney." *Silbiger*, 478 Md. at 635; *see Att'y Grievance Comm'n v. White*, 480 Md. 319, 390 (2022) (citing *Att'y Grievance Comm'n v. Bonner*, 477 Md. 576, 607 (2022)) ("[We] must promote both general and specific deterrence and safeguard the public and its confidence in the legal profession."). In determining the appropriate sanction for an attorney, "we consider the facts and circumstances of each case and order a sanction that is 'commensurate with the nature and gravity of the violations and the intent with which they were committed.'" *Edwards*, 462 Md. at 712 (quoting *Att'y Grievance Comm'n v. Butler*, 441 Md. 352, 359 (2015)).

Our review of the facts and circumstances includes evaluating any mitigating and aggravating factors. *Att'y Grievance Comm'n v. Frank*, 470 Md. 699, 741 (2020); *see Silbiger*, 478 Md. at 635 ("[W]e typically consult the list of aggravating and mitigating factors developed by the American Bar Association." (quoting *Att'y Grievance Comm'n v. Ibebuchi*, 471 Md. 286, 309 (2020))). The respondent attorney in a disciplinary proceeding must prove any mitigating factors by a preponderance of the evidence, *Hoerauf*, 469 Md. at 216, and the Commission must prove any aggravating factors by clear and convincing evidence, *id.*

Finally, we underscore that "in cases involving intentional dishonesty, disbarment is ordinarily warranted." *Silbiger*, 478 Md. at 638; *e.g.*, *Hoerauf*, 469 Md. at 218 (concluding that disbarment was the appropriate sanction for the attorney's "numerous and severe violations" of the MARPC which included dishonest conduct on multiple occasions); *Edwards*, 469 Md. at 712 (determining that the attorney's "pattern of dishonesty in and of itself warrant[ed] disbarment"). An attorney's "lack of prior discipline does not preclude disbarment." *Edwards*, 469 Md. at 712.

Here, the Commission recommends that we disbar Parris. Considering the facts and circumstances of Parris's pattern of misconduct, in conjunction with the applicable mitigating and aggravating factors, we agree that the appropriate sanction for Parris's misconduct is disbarment.

Parris did not offer any mitigating factors[5] in his defense, as he did not file any responsive pleadings with this Court. The Commission, however, identified that Parris has

---

[5]The list of mitigating factors we typically consult includes: (1) the absence of prior attorney discipline; (2) the absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith efforts to make restitution or to rectify the misconduct's consequences; (5) full and free disclosure to the Commission or a cooperative attitude toward the attorney discipline proceeding; (6) inexperience in the practice of law; (7) character or reputation; (8) a physical disability; (9) a mental disability or chemical dependency, including alcoholism or drug abuse, where: (a) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability, (b) the chemical dependency or mental disability caused the misconduct, (c) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation, and (d) the recovery arrested the misconduct, and the misconduct's recurrence is unlikely; (10) delay in the attorney discipline proceeding; (11) the imposition of other penalties or sanctions; (12) remorse;

19

an absence of a disciplinary record, which the hearing judge found was a present mitigating factor. On the other hand, the hearing judge found the existence of seven aggravating factors:[6]

(1) Dishonest or Selfish Motive;
(2) A Pattern of Misconduct;
(3) Multiple Offenses;
(4) Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Agency;
(5) Refusal to Acknowledge the Wrongful Nature of the Conduct;
(6) Substantial Experience in the Practice of Law; and
(7) Indifference to Making Restitution.

We agree with the hearing judge that clear and convincing evidence supports each of the above aggravating factors. Parris exhibited a dishonest or selfish motive when he made knowing and intentional representations about the case to conceal his derelict performance from the court and Chaddsford. Parris's representation of Chaddsford and

---

(13) remoteness of prior violations of the [MARPC]; and (14) unlikelihood of repetition of the misconduct.
*Silbiger*, 478 Md. at 636 n.13.

[6] The list of aggravating factors we typically consult includes:
(1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the [MARPC]; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court or the hearing judge; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.
*Silbiger*, 478 Md. at 635 n.11.

20

conduct in these disciplinary proceedings exhibited a clear pattern of misconduct. Parris committed multiple violations of the MARPC, as detailed above. Parris engaged in bad faith obstruction of the disciplinary proceeding when he intentionally failed to comply with the rules and orders of the Commission and the hearing judge. Parris's refusal to acknowledge the wrongful nature of his conduct is apparent from his failure to refund Chaddsford's fee payments. Parris has substantial experience in the practice of law as he has been a member of the bar of this Court since 1987. Finally, Parris's indifference to making restitution is evident from the fact that he made no attempt at restitution and has not refunded Chaddsford.

Therefore, "[t]o safeguard the public from future harm and to protect its perception of the legal community at large," *White*, 480 Md. at 393 (citing *Bonner*, 477 Md. at 607 and *Att'y Grievance Comm'n v. Karambelas*, 473 Md. 134, 177 (2021)), we conclude that disbarment is the appropriate sanction for Parris's "flagrant and persistent MARPC violations," *id.*

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST KEITH ANTHONY PARRIS.**